IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LASHAUNDA ROWE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-00503-DGK ) |
| CITY OF KANSAS CITY, MISSOURI, | ) ) |
| Defendant. | ) |

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Now before the Court is Plaintiff's Motion to Remand. ECF No. 6. Finding the Court lacks jurisdiction over this case, the motion is GRANTED, and this case is REMANDED.

#### Standard

An action filed in state court may be removed by the defendant to federal district court only if the case falls within the original jurisdiction of the federal district court. 28 U.S.C. § 1441. However, federal courts are courts of limited subject matter jurisdiction, and if the case is not within the original subject matter jurisdiction of the district court, the Court must remand the case to the state court from which it was removed. § 1447(c). The party seeking removal has the burden of establishing federal jurisdiction, and all doubts are resolved in favor of remand. *See Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014); *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). Upon granting remand, the Court may award costs and fees incurred as a result of removal. § 1447(c).

#### Discussion

On June 21, 2023, Plaintiff filed her five-count petition in state court. All five Counts assert violations of the Missouri Human Rights Act. On July 19, 2023, Defendant removed to this

Court, arguing Plaintiff's action arises under federal law based on paragraph four of Plaintiff's petition. ECF No. 1. Paragraph four states, "Plaintiff's causes of action are filed against Defendant pursuant to the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 USC 2000e, *et seq.*" Pet. at 1, ECF No. 1-2. Notably, this is the only time Title VII is mentioned in Plaintiff's petition.

Plaintiff argues paragraph four is merely a typographical error[1] that does not create a federal question. Defendant argues otherwise. Alternatively, if the Court grants remand, Defendant requests the Court award it filing fees incurred in removing this action since Plaintiff has repeatedly made this same typographical error in other cases. *See* Suggestions in Opp'n at 4, ECF No. 7; *see, e.g.*, *Woods v. City of Kansas City, Missouri*, 4:23-cv-00501-HFS; *Jones v. City of Kansas City, Missouri*, 4:23-cv-00502-FJG.

The Court finds Plaintiff's petition does not raise a federal question. Although paragraph four mentions Title VII once, all five Counts in Plaintiff's petition are specifically labeled as violations of the MHRA and request damages arising from violating the MHRA. Similar cases in this jurisdiction—including the cases cited by Defendant above—found the same and granted remand. *See Woods*, 4:23-cv-00501-HFS (W.D. Mo. Oct. 13, 2023); *Jones*, 4:23-cv-00502-FJG (W.D. Mo. Sept. 11, 2023); *see also James v. Jackson Cnty., Missouri*, No. 4:19-00838-CV-RK, 2019 WL 6534169, at *1 (W.D. Mo. Dec. 4, 2019) (similar facts with different plaintiff's counsel).

The above cases also denied Defendant's request for fees since Plaintiff's error was merely typographical. The Court is persuaded to do the same here. The petitions in *Woods*, *Jones*, and this case were filed within the same week, contain similar MHRA allegations against Defendant, and contain the same typographical error. This suggests the typographical error found in Plaintiff's

---

[1] Specifically, an error in the template used to draft the petition. Pl.'s Reply at 2, ECF No. 8.

2

petition was not a strategic pleading tactic as Defendant alleges, but rather an accident. Thus, the Court will not award Defendant fees. However, Plaintiff's counsel is cautioned to correct typographical errors on future petitions to avoid this situation and potential costs and fees.

## Conclusion

Accordingly, Plaintiff's motion is GRANTED. This case is remanded back to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

Date: December 5, 2023

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT